# United States District Court
# Northern District of Indiana

| | |
|---|---|
| DAVID L. CAMPBELL, | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No. 3:11-CV-74 JVB |
| OSCAR COWEN, | ) |
|         Defendant. | ) |

**OPINION AND ORDER**

David L. Campbell, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In reviewing the complaint the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

According to the complaint, on or about December 17, 2009, Starke County Sheriff Oscar Cowen had Campbell and four other pretrial detainees at the Starke County Jail placed in a

"drunk tank" area, where they were kept for 10 days. (DE 1 at 3.) Campbell claims that the room was "filthy," had "absolutely no light," and had no mattresses or other bedding. (*Id.* at 4-5.) He claims that he and the other detainees were given only one indigent hygiene pack to share between the five of them during this period. He asserts that he and the other detainees complained about the conditions to Sheriff Cowen, who responded, "F--k you, you little bastards, you can rot in there." (*Id.* at 4.) Campbell claims that as a result of the conditions in which he was housed, he developed a rash, had difficulty eating and lost weight, and developed emotional problems that necessitated therapy.

Because Campbell was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). However, the standards that apply are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* In evaluating an Eighth Amendment claim, courts conduct both an objective and subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong inquires whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, light, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish an Eighth Amendment violation in combination even when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493. If the conditions pass the objective inquiry, the court then must determine

whether the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference is a high standard:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, Campbell alleges that he was denied adequate bedding, hygiene items, light, and sanitation during a 10-day period. As a result of the conditions in which he was housed, he alleges that he developed a rash, lost weight, and suffered emotional problems that were severe enough to require therapy. Giving Campbell the inferences to which he is entitled at this stage, he satisfies the objective prong. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (inadequate bedding constituted denial of civilized measure of life's necessities); *Murphy v. Walker*, 51 F.3d 714, 720–21 (7th Cir. 1995) (inmate stated Eighth Amendment claim based on inadequate heat, clothing, and bedding); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (prisoner stated Eighth Amendment claim where he was held in a filthy cell that lacked adequate heating and contained inadequate bedding).

With respect to the subjective prong, Campbell alleges that he and the other detainees made the sheriff aware of these conditions, but he did nothing to remedy them. Instead, he allegedly cursed at them and told them they could "rot in there." (DE 1 at 4.) Although deliberate indifference is a high standard, giving Campbell the inferences to which he is entitled at this stage, the Court finds that he has stated enough to proceed on a claim against the sheriff. *See*

*Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (inmate who complained about severe deprivations but was ignored established a "prototypical case of deliberate indifference").

For these reasons, the Court:

(1) **GRANTS** David L. Campbell leave to proceed on a Fourteenth Amendment claim against Oscar Cowen in his individual capacity for monetary damages for depriving him of adequate bedding, light, hygiene items, and sanitation at the Starke County Jail during a 10-day period beginning on or around December 17, 2009;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Oscar Cowen; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Oscar Cowen respond, as provided for in the Federal Rules of Civil Procedure and Norther Indiana Local Rule 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on April 26, 2011.

                                                   s/Joseph S. Van Bokkelen
                                                   Joseph S. Van Bokkelen
                                                   United States District Judge
                                                 Hammond Division