UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:11 CV 74 |
| OSCAR COWEN, *et al.*, | ) |
| Defendants. | ) |

## OPINION and ORDER

David Campbell, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE # 38.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when addressing a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must contain enough factual matter to state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Campbell alleges that on or about December 17, 2009, Starke County Sheriff Oscar Cowen had him and four other pretrial detainees at the Starke County Jail placed in a "drunk tank," where they were kept for 10 days in "total darkness." (DE # 38 at 3.) Campbell asserts that the cell was also filthy, did not have adequate bedding , and that he was denied adequate hygiene supplies. (*Id.* at 3-5.) He claims that he complained about the conditions to Sheriff Cowen, who responded, "F--k you, you little bastards, you can rot in there." (*Id.* at 4.) He claims that as a result of these conditions he lost weight, developed a rash, and suffered an exacerbation of his mental problems, which include agoraphobia, anxiety disorders, and paranoid schizophrenia. (*Id.* at 3-4, 6-8.) Campbell was previously granted leave to proceed against Sheriff Cowen. (DE # 9.) He now seeks to add four correctional guards and a nurse as defendants. (*See* DE # 38 at 6-8.)

Because Campbell was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). The standards that apply are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* In evaluating a conditions of confinement claim, courts conduct both

2

an objective and subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong inquires whether the alleged deprivation or condition is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, light, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

If the conditions pass the objective inquiry, the court then must determine whether the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference is a high standard. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, Campbell alleges that he was denied adequate bedding, hygiene items, light, and sanitation during a 10-day period. As a result of these conditions he claims to have developed a rash, lost weight, and suffered emotional problems that were severe enough to require medication and therapy. Giving Campbell the inferences to which he

3

is entitled at this stage, he satisfies the objective prong. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (inadequate bedding constituted denial of civilized measure of life's necessities); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995) (inmate stated Eighth Amendment claim based on inadequate heat, clothing, and bedding); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (prisoner stated Eighth Amendment claim where he was held in a filthy cell that lacked adequate heating and contained inadequate bedding).

As this court previously determined, Campbell also satisfies the subjective prong with respect to Sheriff Cowen; he alleges that he made the sheriff personally aware of these conditions, but he did nothing to remedy them and instead cursed at him and told him he could "rot in there." (DE # 38 at 3.) With respect to Campbell's new claims, he now names four correctional guards as defendants: Bob Simms, Ed Trudy, Skylar Ellinger, and Eddy Dierssen. (*Id.* at 6.) He alleges that Eddy Dierssen and Bob Simms were both personally aware that he and the other detainees were being kept in total darkness and did nothing to remedy the situation. (*Id.*) Giving Campbell the inferences to which he is entitled at this stage, he has stated deliberate indifference claims against Dierssen and Simms. As for the remaining two guards, Trudy and Ellinger, Campbell provides no factual content in his complaint regarding their personal involvement, if any, in these events. (*See id.*) This is Campbell's third attempt to raise claims against these defendants, and he has failed to state a plausible claim for relief against either of them. Accordingly, they will be dismissed as defendants.

Finally, Campbell claims that Nurse Dawn Shoemaker failed to provide him with adequate medical care for his mental health problems. (*Id.* at 6.) Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability for a denial of medical care, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Negligence, incompetence, and even medical malpractice do not amount to deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000). Instead the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Synder*, 546 F.3d 516, 524 (7th Cir. 2008).

Here, Campbell alleges that he has several diagnosed mental conditions, including agoraphobia and schizophrenia, which were exacerbated by his detention in

the darkened drunk tank. He claims that Nurse Shoemaker was well aware of his documented mental conditions, and had previously treated him when he cut his wrist due to hearing voices during a prior stay at the jail. (DE # 38 at 7.) He further alleges that he tried talking to Nurse Shoemaker while he was in the drunk tank about the mental problems he was experiencing, but she told him he could not receive any treatment unless he filled out a written sick call request. (*Id.*) He alleges that he could not fill out such a request because he was not given any paper, pens, or pencils while housed in the drunk tank. (*Id.*) It can be plausibly inferred that Campbell is alleging Nurse Shoemaker was aware he had no supplies with which to write a request for medical care, and that she deliberately turned a blind eye to his need for treatment. Giving Campbell the inferences to which he is entitled at this stage, he has stated enough to proceed on a claim against Nurse Shoemaker.

As a final matter, because new defendants are being added to this case, the dispositive motion deadline of October 21, 2011, previously set by the Magistrate Judge must be vacated. (*See* DE # 20.) A new scheduling order shall be issued by the Magistrate Judge setting further deadlines in the case after the defendants have responded to the amended complaint.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Oscar Cowen, Bob Simms, and Eddy Dierssen in their individual capacity for monetary damages for housing him

under inadequate conditions at the Starke County Jail during a 10-day period beginning on or around December 17, 2009;

(2) **GRANTS** the plaintiff leave to proceed against Nurse Dawn Shoemaker in her individual capacity for monetary damages for failing to provide him with adequate medical care for his mental illnesses during a 10-day period beginning on or around December 17, 2009;

(3) **DISMISSES** Ed Trudy and Skylar Ellinger;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Oscar Cowen, Bob Simms, Eddy Dierssen, and Dawn Shoemaker;

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Oscar Cowen, Bob Simms, Eddy Dierssen, and Dawn Shoemaker respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order; and

(7) **VACATES** the October 21, 2011, dispositive motion deadline.

                              **SO ORDERED.**

Date: September 22, 2011

                               s/ James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT